UNITED STATES of America ex rel.
Harold KONIGSBERG, Petitioner,

v.

WARDEN OF FEDERAL DETENTION
HEADQUARTERS, 427 West Street,
NEW YORK CITY, N. Y., Respondent.

United States District Court
S. D. New York.

March 22, 1965.

Frances Kahn, New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, Charles J. Fanning, New York City, of counsel, for respondent.

WEINFELD, District Judge.

This application for a writ of habeas corpus, which does not challenge the lawfulness of petitioner's detention but seeks only his transfer to another Federal facility on the ground that he is being mistreated at his present place of confinement, is denied.

The place of detention of petitioner is within the sole discretion of the Attorney General and the Bureau of Prisons.[1] Moreover, without deciding whether in appropriate circumstances habeas corpus is available to inquire into conditions of confinement,[2] the allegations in petitioner's affidavits—that he was struck by a jailer on one occasion, that he is not receiving adequate medical care, and that he is unable to eat for fear of being poisoned—even if true, and they are controverted, are insufficient to warrant habeas corpus relief.

1. 18 U.S.C. §§ 4042, 4082.

2. Compare Snow v. Roche, 143 F.2d 718 (9th Cir. 1944), and Threatt v. North Carolina, 221 F.Supp. 858 (W.D.N.C. 1963) (state prisoner), with Harris v. Settle, 322 F.2d 908, 910 (8th Cir. 1963) (dictum), cert. denied, 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179 (1964), and Coffin v. Reichard, 143 F.2d 443, 155 A.L.R. 143 (6th Cir. 1944) (dictum), and In re Baptista's Petition, 206 F.Supp. 288 (W.D.Mo.1962) (dictum). See also, Sweeney v. Woodall, 344 U.S. 86, 93, 73 S.Ct. 139, 97 L.Ed. 114 (1952) (dissenting opinion); Note, 72 Yale L.J. 506, 509–12 (1963).