**HENSLEY EQUIPMENT COMPANY,**
Inc., Appellant,

v.

**ESCO CORPORATION, Appellee.**

No. 23723.

United States Court of Appeals
Fifth Circuit.

Nov. 17, 1967.

William A. McKenzie, Henry Baer, Dallas, Tex., Thomas O. Herbert, San Francisco, Cal., for appellant.

Hugh L. Steger, Dallas, Tex., Jerome F. Fallon, Chicago, Ill., John K. DeLay, Jr., Dallas, Tex., Storey, Armstrong & Steger, Dallas, Tex., Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., of counsel, for appellee.

## ON PETITION FOR REHEARING

Before BELL, GODBOLD and DYER, Circuit Judges.

### PER CURIAM:

The Petition for Rehearing of Esco, the appellee, should be granted in part and denied in part.

Esco alleges in its Petition that since the entry of the opinion and judgment of this Court on September 15, 1967, it has purged itself of its patent misuse consisting of violation of the Sherman Act which this Court found it had committed by its contract with Caterpillar Tractor Company. Esco states that on September 27, 1967, it entered into a Supplemental Agreement with Caterpillar, amending the Caterpillar contract so as to remove the features which caused the contract to be a per se violation of the Sherman Act. Esco has attached to its Petition what it says is a copy of the Supplemental Agreement.

It is in the interest of all the parties and of the public that it be determined in this case, without the necessity of filing additional litigation, whether Esco has purged itself of patent misuse and, if it has done so, the present rights and status of the parties following the discontinuance of the monopolistic practices. Nova-del-Agene Corporation v. Penn, 119 F.2d 764 (5th Cir. 1941).

The judgment of the Court is amended to read as follows:

The findings of the district court that the patent is valid and that Hensley has infringed the patent are affirmed. The finding that Esco has not misused the patent is reversed. The case is remanded to the district court for such further proceedings as are appropriate.

In all other respects the Petition for Rehearing is denied.