**Patman Frank DILLINGER**

v.

**Olin G. BLACKWELL, Warden.**

**Civ. A. No. 11366.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 29, 1967.

Patman Frank Dillinger, pro se.

Charles L. Goodson, U. S. Atty.,
Theodore E. Smith, Asst. U. S. Atty.,
Atlanta, Ga., for respondent.

ORDER

EDENFIELD, District Judge.

This federal prisoner was sentenced on December 15, 1966 to a one year and six months' sentence by the United States District Court for the Northern District of Texas. He has been credited by the Attorney General with 58 days on his sentence, this being the period of time he spent in jail between his hearing before the United States Commissioner on October 18, 1966 and his sentencing. This credit is in accord with the new provisions of 18 U.S.C. § 3568, which applies to sentences imposed after September 20, 1966.

Petitioner's application for a writ of habeas corpus is based on his argument that time spent in state custody before he was brought before the United States Commissioner should also be credited to his federal sentence. So far as the court can determine, the exact interpretation to be placed on the amended phraseology of the second sentence of Section 3568 [1] is a matter of first impression. Petitioner has alleged that he was initially placed in the jail of Dallas County, Texas on or about April 12, 1966, and held on a charge of having violated 18 U.S.C. § 2312, more commonly known as the Dyer Act. The officials of the Texas county jail have advised the court that their records only show that petitioner was in custody from April 27, 1966 to October 18, 1966, and was charged with theft by conversion. While in jail on a state charge of theft by conversion, detainers were lodged against him from local police in Athens, Georgia and McKinney, Texas for other offenses. The theft by conversion charge was dropped after petitioner was convicted in federal court in December, 1966 for interstate transportation of a stolen motor vehicle. The records do not show

1. "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

what petitioner was charged with having converted and stolen, the basis for the state charge.

Giving petitioner's allegations and these facts a liberal construction, it may reasonably be inferred that he was initially arrested and held by local officers in connection with the theft of a motor vehicle. At some later date the federal authorities decided to prosecute petitioner for having transported the same vehicle across a state line. After this resulted in a federal conviction, the state authorities dropped their charge. This is not an uncommon procedure where both state and federal prosecutions may grow out of a series of related acts.

Petitioner's argument, in effect, is that he was being held in state custody for the theft of the vehicle whose transportation across a state line provided the basis for the federal charge, and that such state custody amounts to "custody *in connection* with the offense or acts for which sentence was imposed." Therefore, the question before the court is whether the state custody was "in connection" with the federal charge. While petitioner's argument that custody for the theft of a chattel whose transportation is a federal offense is "connected" has a certain superficial appeal, the court does not believe that the relatively insignificant changes in Section 3568 made in 1966 have the effect of upsetting the entire doctrine of concurrent criminal jurisdiction. And yet that is the effect which petitioner's claim seeks to have. Conceivably there may be acts which are simultaneous offenses against both state and federal sovereignty. Whether the law affects these need not be ruled on here. But the act for which petitioner was held in state custody (theft by conversion) and the act for which he was convicted (transporting a vehicle) are sufficiently distinguishable so that pre-sentence custody for one offense need not be credited to a conviction for the other.

Therefore, petitioner has no right to credit for the almost six months he spent in jail on the state charge, and the application for a writ of habeas corpus is denied.