434 F.2d 1310
 Emile V. FONTAINE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 30206 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 24, 1970.
 
 Emile V. Fontaine, pro se.
 John W. Stokes, Jr., U.S. Atty., Allen I. Hirsch, Asst. U.S. Atty., Atlanta, Ga., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Federal prisoner, Emile V. Fontaine, appeals from the district court's denial of his petition for a writ of habeas corpus, filed pursuant to the allwrits statute, 28 U.S.C.A. § 1651 (1966). Because we agree with the district court that the defendant was not entitled to credit for time spent in State custody on a Louisiana conviction, we affirm.
 
 
 2
 Fontaine stole a car in Louisiana on October 10, 1966 and drove the automobile to Houston, Texas, where he was arrested. He was returned to Louisiana, where State authorities indicted, prosecuted and sentenced him to three years for auto theft. Thereafter, while still in State custody, Fontaine was indicted and tried by the United States and was sentenced to serve four years for violating the Dyer Act. At the conclusion of his State sentence, Fontaine was immediately placed in federal custody to begin serving his four-year sentence on the federal conviction.
 
 
 3
 Fontaine now contends that his federal sentence should be credited with the three years which he served on the Louisiana conviction for theft of the same auto which he transported in interstate commerce, because the separate convictions were based upon the same acts. In support of his contention, he cites Section 3-d of Policy Statement #7600.47 of the Bureau of Prisons. This Policy Statement was designed to implement the Bail Reform Act of 1966, 18 U.S.C.A. § 3568 (1969), relative to computing federal sentences. The pertinent provisions are:
 
 
 4
 3. CREDITING SENTENCES FOR PRE-SENTENCE CUSTODY: Credit will ordinarily be given for all time spent in custody before the imposition of sentence. This will be the time (true) in all cases where the defendant has been held in jail on the same charges on which he is ultimately sentenced.
 
 
 5
 * * * * * *
 
 
 6
 d. There will be occasional situations where a defendant is turned over to federal authorities by state authorities. If the state custody, whether in jail or serving sentence, was based upon the same offense or acts [for] which the federal sentence was imposed, credit is given on the federal sentence for the time in state custody. Time spent in state custody on unconnected charges is not creditable.
 
 
 7
 While this court is not bound to accept the Bureau of Prison's Policy Statement as a valid implementation of the Bail Reform Act,[1] there is no need for us to rule on whether Policy Statement #7600.47 is consistent with the meaning of § 3568. Fontaine's claim is not within the ambit of either the policy statement or the statute.
 
 
 8
 It is true that the same automobile was involved in both offenses, but with this incidental fact the sameness ends. The Louisiana offense of auto theft was based on the defendant's admitted actions in taking possession of a car that was not his. The State crime was complete at the moment of wrongful appropriation, even if the vehicle moved one-half block. On the other hand, the federal offense of knowingly transporting a stolen vehicle across state lines did not occur until the automobile was taken across a state line and it was in no way dependent upon the theft of the automobile by the defendant. The acts necessary to constitute the two offenses are entirely different. Dillinger v. Blackwell, 277 F.Supp. 389 (N.D.Ga.1967).
 
 
 9
 The district court's denial of Fontaine's petition for writ of habeas corpus is
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 This matter is not free from doubtSee Gilbert v. United States, 299 F.Supp. 689 (S.D.N.Y.1969), which holds that the legislative history of the 1966 amendment to § 3568 shows this act did not intend to provide credit on a federal sentence for time spent in custody pursuant to a state sentence. See also Hill v. Beto, 390 F.2d 640 (5th Cir. 1968), cert. denied 393 U.S. 1007, 89 S.Ct. 491, 21 L.Ed.2d 472.