**Hubert E. WATSON, Jr., Petitioner,**

v.

**J. D. HENDERSON, Warden, Respondent.**

**Civ. A. No. 16197.**

United States District Court,
N. D. Georgia,
Atlanta Division.

June 29, 1972.

---

Hubert E. Watson, Jr., pro se.

Anthony Arnold, Asst. U. S. Atty., N. D. Ga., Atlanta, Ga., for respondent.

## ORDER OF COURT

MOYE, District Judge.

Hubert E. Watson, Jr., a federal prisoner incarcerated in the Atlanta Federal Penitentiary, filed a petition which the Court construed as a petition for relief in the nature of mandamus. In his petition, petitioner alleged that he had exhausted his administrative remedies. Because of the possibility that petitioner may have been entitled to relief, the Court ordered respondent to show cause. Respondent has now filed his response. Petitioner has filed a "Traverse to Respondent's Response to the Order of Court."

From the pleadings, the Court has elicited the following facts: On March 13, 1968, petitioner was arrested and charged with multiple forgeries in Charleston, West Virginia. Bail was set at $5,000, but petitioner, because of his alleged indigency, could not post bond. On May 28, 1968, a federal indictment was returned in the Middle District of Florida charging petitioner with two counts of interstate transportation of forged securities in violation of 18 U.S. C. § 2314. A federal detainer charging such violation was lodged against prisoner on June 5, 1968. On August 1, 1968, petitioner was convicted on the state charges of forgery and was subsequently sentenced to an indeterminate term of one to ten years at the West Virginia Penitentiary.

On April 2, 1969, in a state habeas corpus proceeding, petitioner was ordered discharged from state custody on the grounds that his state conviction and the sentence imposed were in violation of· the state and federal constitutions. Petitioner was discharged on April 16, 1969, from state custody and was immediately taken into federal custody upon execution of the federal warrant. On June 6, 1969, petitioner was arraigned in the Middle District of Florida at Tampa and was released on his own recognizance bond on July 16, 1969. Petitioner was then taken into custody by the State of Florida and commenced serving an 18-month Florida sentence on September 12, 1969. On February 23, 1970, petitioner was removed from state custody upon a writ of habeas corpus for re-arraignment on the federal indictment returned on May 28, 1969. On April 3, 1970, petitioner was convicted of the federal offense and subsequently sentenced to serve three years consecutive to his state sentence.

Petitioner contends that he is entitled to credit on the federal sentence he is now serving for the "dead time" he spent in presentence state custody and in serving his invalid state (West Virginia) sentence. He argues that he is entitled to this credit, because at the time of his state custody a federal detainer was lodged against him and he was unable to supply a bail bond because of his indigency.

A federal prisoner is entitled to credit on an outstanding parole violator sentence for time served on an invalid intervening federal sentence, if at the time he was serving the intervening sentence a parole violator warrant was issued. Meadows v. Blackwell, 433 F.2d 1298 (5th Cir. 1970). A federal prisoner is likewise entitled to credit on his outstanding federal sentence for "dead time" spent awaiting trial and serving an invalid intervening state sentence, if he was unable, because of his indigency, to supply a state bond while a federal detainer was present. Nelson v. United States, 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971). The rationale for giving credit for this "dead time" is that, had the prisoner not been serving his invalid intervening sentence, he could have been serving his existing federal sentence. Meadows, supra, 433 F. 2d at 1299. However, where a prisoner has served a prior invalid state sentence, he would not be entitled under this rationale to credit on a subsequent federal sentence for the "dead time" served, because during the time he was serving his invalid state sentence, no federal sentence was in existence which could have been served. See Green v. United States, 334 F.2d 733 (1st Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

In the instant case, at the time petitioner was in state custody awaiting trial and serving the invalid state sentence, no federal sentence was extant. A federal detainer had been lodged against petitioner, but this detainer had been issued in connection with a bailable federal offense, an offense for which only an indictment had been returned. Petitioner's contention that he is entitled to credit on his federal sentence for the "dead time" spent in presentence state custody and in serving his invalid state sentence is without merit, because even if he had been able to supply a bail

bond, he would not have been serving an existing federal sentence.

◼ The Court construes petitioner's "Traverse to Respondent's Response to the Order of the Court" as setting forth two further contentions. First, petitioner contends that he is entitled to credit on his federal sentence for the presentence jail time spent in the custody of the State of West Virginia pursuant to 18 U.S.C. § 3568. A federal prisoner is entitled to credit on his federal sentence for presentence jail time spent in state custody pursuant to 18 U.S.C. § 3568 if he is refused state bail solely because of the existence of a federal detainer charging him with a nonbailable federal offense. Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970). However, a federal prisoner is not entitled to credit on his federal sentence for presentence jail time spent in state custody, because of the presence of a federal detainer issued in connection with a bailable federal offense. Boyd v. United States, 448 F.2d 477 (5th Cir. 1971). In the instant case, the federal detainer lodged against petitioner was issued in connection with a bailable offense. Therefore, petitioner is not entitled to credit on his federal sentence for the presentence jail time spent in state custody. The fact that petitioner was unable to post state bail because of his indigency does not change this result. *See* Ballard v. Blackwell, 449 F.2d 868 (5th Cir. 1971).

◼◼ Petitioner's second contention is that he is entitled to credit on his federal sentence for time served on his State of West Virginia sentence on the grounds that the acts for which petitioner was in state custody were the same as those which supported his federal conviction. No credit may be allowed on a federal sentence for time spent in state or local custody for exclusively nonfederal purposes, Rodriguez v. United States, 405 F.2d 857 (5th Cir. 1969), cert. denied, 395 U.S. 914, 89 S.Ct. 1762, 23 L. Ed.2d 228 (1969), nor is credit granted on a subsequent federal sentence for

time served on a state sentence imposed for an unrelated and different crime. Fontaine v. United States, 434 F.2d 1310 (5th Cir. 1970). Petitioner was in the custody of the State of West Virginia in connection with forgery charges for which he was convicted and served a sentence, albeit subsequently invalidated. The federal offense for which the detainer was lodged against petitioner and for which he was subsequently sentenced was the interstate transportation of forged securities. Forgery and the interstate transportation of forged securities are different crimes, *cf.* Dillinger v. Blackwell, 277 F.Supp. 389 (N.D.Ga. 1967). Therefore, petitioner is not entitled to credit on his subsequent federal sentence, imposed for the interstate transportation of forged securities, for his time spent serving the state sentence imposed for the offense of forgery. The fact that petitioner's state sentence was invalidated does not alter this result. *Cf.* Green v. United States, *supra.*

Accordingly, the petition for relief in the nature of mandamus is denied.