**Rocco SANCINELLA**

v.

**J. D. HENDERSON, Warden.**

**Civ. A. No. 19140.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 17, 1974.

Rocco Sancinella, pro se.

Anthony Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent.

ORDER

RICHARD C. FREEMAN, District Judge.

This is a habeas corpus action, seeking jail time credit, brought by a federal prisoner presently incarcerated at the Atlanta Federal Penitentiary. Petitioner seeks credit for 487 days spent in custody in 1960, 1962, 1963 and 1964, in connection with a twelve-year sentence imposed by the United States District Court for the Southern District of New York on January 20, 1964. On December 11, 1973, this court ordered respondent to show cause why relief should not be granted. Sancinella v. Henderson, Civil Action No. 19140 (N.D.Ga., Dec. 11, 1973). The response to that order asserted that petitioner's present sentence is in no way connected to an earlier sentence, in connection with which the petitioner spent the alleged 487 days in custody. Respondent contended that since the sentences were not related, time spent in custody in connection with the prior sentence should not be credited to the subsequent sentence. As respondent relied upon a portion of an unverified presentence report to show that the offenses and, thus, the sentences were not related, the court ordered him to file copies of the indictments in the criminal actions. Sancinella v. Henderson, Civil Action No. 19140 (N.D.Ga., March 21, 1974). Copies of the indictments have now been filed with the court.

The documents filed in this action establish the following sequence of events as to the offenses of which petitioner was charged and the sentences he was required to serve: On August 15, 1962, the Grand Jury for the Southern District of New York indicted petitioner and others in connection with an alleged conspiracy to violate §§ 173 and 174 of Title 21 of the United States Code. The indictment alleged that the conspiracy continued from in or about January, 1950 to and including the date of the filing of the indictment. After pleading not guilty and a trial by jury, petitioner was found guilty and sentenced, on January 20, 1964, to twelve years imprisonment. United States v. Sancinella, Crim. Action No. 62 CR. 790 (S.D.N.Y., Jan. 20, 1964) (hereinafter "the 1964 sentence" or "62 CR. 790"). This conviction and sentence was apparently vacated by the Court of Appeals for the Second Circuit in August, 1964.[1] On December 31, 1964, the Grand Jury for the Southern District of New York indicted petitioner and others in connection with another alleged conspiracy to violate §§ 173 and 174 of Title 21 of the United States Code. The indictment alleged that the conspiracy continued from on or about June 1, 1963, to and including the date of the filing of the indictment. Thus, it is clear that the conspiracy alleged in that indictment did not overlap with the conspiracy charged in 62 CR. 790 and, hence, relates to a different violation of the United States Code.[2] After a trial by jury and a verdict of guilty, petitioner was sentenced on August 22, 1967, to thirteen years imprisonment, that is, to five years on one count and eight years on a second count, to be served consecutively. United States v. Sancinella, Crim. Action No. 64 Cr. 1148 (S.D. N.Y., Aug. 22, 1967)

---

1. As noted in our opinion of March 21, 1974, the court was not furnished with a copy of the order vacating the 1964 conviction and sentence. A notation on the sentence data record indicated that the conviction was vacated on August 28, 1964. However, the date of the Second Circuit's order reversing the judgment of the district court was July 31, 1964. United States v. Borelli, 336 F.2d 376 (2d Cir. 1964).

2. The sentence data record indicates that petitioner was arrested in connection with these charges on September 3, 1964, and released on bond on September 10, 1964. It also indicates that petitioner was credited with eight days jail time as a result of that pretrial incarceration.

(hereinafter "the 1967 sentence" or "64 Cr. 1148").

Petitioner is seeking to have 487 days spent in custody in connection with the 1964 sentence credited to his 1967 sentence, which he is presently serving. He relies on Bureau of Prisons Policy Statement No. 7600.55 (Feb. 2, 1973).

18 U.S.C. § 3568 provides, in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts, for which sentence was imposed.

It is clear that days spent in custody on account of the charges in 62 CR. 790 or pursuant to the 1964 sentence, which was later vacated, were not spent "in connection with" the offenses for which the 1967 sentence was imposed. The sentences were imposed on account of alleged violations of the United States Code occurring at different times and the 1967 sentence was not imposed until well after the 1964 sentence had been vacated and the petitioner had been released.

■■ However, even if the offenses are technically unrelated, credit is allowed on a subsequent sentence for time served on invalid sentence when service of that previous term delayed commencement of the subsequent sentence. John-son v. Henderson, 455 F.2d 983 (5th Cir. 1972); Meadows v. Blackwell, 443 F.2d 1298 (5th Cir. 1970); Davis v. Attorney General, 432 F.2d 777 (5th Cir. 1970);[3] Watson v. Henderson, 350 F.Supp. 249 (N.D.Ga., 1972). Further, where a person is detained in connection with State charges for which bail is set, and service of a federal sentence is delayed due to the financial inability to post bail, credit will be given on the federal sentence if no credit is received toward the State offense. United States v. Gaines, 449 F.2d 143 (2d Cir. 1971).

■ As petitioner's 1967 sentence was not imposed until well after the 1964 sentence was vacated, service of the 1967 sentence was in no way delayed due to the invalid 1964 sentence; and, no credit should be accorded to the 1967 sentence on account of service of time in connection with the 1964 sentence.

■ Petitioner's reliance on Bureau of Prisons Policy Statement No. 7600.55 (Feb. 2, 1973) is misfounded. This document sets forth rules for the crediting of time spent in state custody (which was not credited toward a state or federal sentence), after a federal detainer was lodged against the state prisoner. It has no relevance to the instant case. Not only is there no state custody involved in this case, but also petitioner herein was not even charged with, the offenses which resulted in the conviction and sentence he is presently serving until after the prior conviction and sentence were vacated. Hence, while serving the 1964 sentence no detainer in connection with 64 Cr. 1148 was lodged against the petitioner.

---

3. Petitioner emphasizes that in the *Davis* case the Court rejected the "contention . . . that while serving time under an invalid sentence [petitioner] managed to earn credit against a future unrelated sentence *for a crime not yet perpetrated.*" 432 F.2d at 778. (Emphasis by the petitioner.) He contends that since the offenses which resulted in the 1967 sentence had been perpetrated when he was serving the 1964 sentence, he should be given credit. The *Davis* Court, however, specifically stated that "[a]n allowance for prison time previously served . . . does not reduce sentences imposed *as a result of new and different* crimes." The conclusion that credit should not be allowed on a subsequent sentence where the offenses have not even been perpetrated while incarcerated under an invalid sentence does not automatically lead to the conclusion that credit should be allowed when the offenses have been perpetrated, but the offender has not been arrested, convicted, sentenced or in any way detained on account thereof.

█ Petitioner states that Policy Statement 7600.55 "cancels and supercedes" Policy Statement 7600.51 (Oct. 10, 1969), "which forms the basis for the petition."[4] As Policy Statement 7600.55 clearly states that it amplifies, but does not supercede Policy Statement 7600.51, the court will consider the relevancy of the Policy Statement to the petition *sub judice*. Subsection 4(a)(2) thereof provides:

A further complicating factor may be a situation where a person is arrested on certain charges. Some time later additional and unconnected charges are brought, and it is on these later charges that the defendant is convicted, the charges on the original arrest being dropped. In this situation, credit is not given from the point of the original arrest, but from the time when the charges underlying the ultimate conviction were filed . . . .

The above paragraph indicates that where one is detained in connection with two unrelated federal charges, filed at different times, jail time credit on a sentence imposed on account of the charges brought later in time is accorded only for the time incarcerated after those later charges are brought. As the 487 days for which petitioner herein seeks credit antedated the charges which led to the 1967 conviction and sentence, no credit is due.

Finally, petitioner seeks to rely on the following quotation from Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), cert. denied, 390 U.S. 905, 88 S. Ct. 818, 19 L.Ed.2d 871:

The principle of fair dealing which impels judges in passing sentences to take into account the time a defendant was deprived of his liberty while awaiting trial . . . ., insists even more inexorably that he shall not be finessed out of credit for time he was forced to serve under an invalid sentence. The trial and conviction may be voided on appeal, but the time illegally exacted by the unconstitutional sentence is an irreversable fact . . . . Courts should not be astute to fashion legal fictions to attain unjust ends.

Petitioner acknowledges that the cause he presents in his petition differs from that presented in the *Patton* case, but contends that the "principle" of that decision is equally applicable to the time which petitioner served on the invalid 1964 sentence.

The difference between the situation in the *Patton* case and the instant case is crucial. The question raised in the *Patton* case was whether time spent serving a sentence which was subsequently reversed must be credited in imposing sentence upon a new conviction *for the same offense* upon retrial. The court held that denial of credit in such a situation would be so fundamentally unfair as to constitute a denial of due process and equal protection and would violate the double jeopardy clause as well. *Cf.* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, (1969). However, to apply the *Patton* "principle" to the instant set of facts, involving not a retrial as to the same offenses or acts, but rather later and wholly unrelated offenses, would be endorsing the proposition that prisoners may "bank" time spent in custody in connection with defective sentences for credit on unrelated, subsequent sentences imposed on account of different offenses. The Fifth Circuit Court of Appeals has clearly rejected that proposition. *See, e.g.,* Meadows v. Blackwell, supra.

Accordingly, for the reasons hereinabove stated, the petition for a writ of habeas corpus is denied.

It is so ordered.

---

4. Petitioner originally sought to rely on subsection 4(a)(2) of Policy Statement 7600.51.