**Robert L. HOLLEMAN, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

**No. S 84–186.**

United States District Court, N.D. Indiana, South Bend Division.

July 8, 1985.

Robert L. Holleman, pro se.

Joseph M. Kalady, Legal Asst., Michigan City, Ind., for petitioner.

David H. Kreider, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2255 by Robert L. Holleman, an inmate at the Indiana State Prison, Michigan City, Indiana. The matter is now before this court on respondent's Response of United States to Motion under 28 U.S.C. § 2255 and petitioner's Traverse thereto. Both sides having briefed their respective positions, this matter is ripe for ruling.

The parties agree as to the following facts. On February 4, 1977 Robert L. Holleman was convicted in this court of robbing a federally-insured credit union. He was sentenced to twenty years imprisonment to run consecutively with a state sentence of 10 to 25 years he then was serving. A detainer was issued to his state custodians. The federal conviction was affirmed. *United States v. Holleman,* 575 F.2d 139 (7th Cir.1978).

On June 8, 1977, petitioner was convicted in state court of felony murder and was sentenced to life imprisonment. The state conviction was affirmed by the Supreme Court of Indiana. *Holleman v. State,* 272 Ind. 534, 400 N.E.2d 123 (1980).

Having already been denied a writ of habeas corpus both under 28 U.S.C. § 2254 challenging the state felony murder conviction, *Holleman v. Duckworth,* 700 F.2d 391 (7th Cir.1983), and under 28 U.S.C. § 2255 challenging the federal robbery conviction, *Holleman v. United States,* 721 F.2d 1136, (1983), petitioner now files another motion under 28 U.S.C. § 2255 asking (1) that he be given jail time credit from October 25, 1976, the date presumably he was taken into state custody, and (2) that he be resentenced to the custody of the Attorney General, or alternatively, to the Indiana Department of Corrections.

Petitioner's federal sentence was to run consecutively to the state sentence he was serving at the time of his federal sentencing. That state sentence was vacated on March 24, 1982 and subsequently dismissed. Petitioner is currently serving time in state custody for the felony murder conviction in June of 1977. At the time in question, petitioner was also being detained in state custody in connection with the charges involving felony murder for which he was subsequently convicted. In fact, his second state conviction occurred only a few months after his federal conviction.

The question of who has prior jurisdiction over the person was discussed in *Jeter v. Keohane,* 739 F.2d 257 (7th Cir.1984) wherein the Court held:

> The United States Supreme Court held in *Ponzi v. Fessenden,* 258 U.S. 254, 262, 42 S.Ct. 309, 311, 66 L.Ed. 607 (1922), that determining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. This ruling has been followed by all federal courts addressing the issue. *See Causey v. Civiletti,* 621 F.2d 691 (5th Cir.1980); *United States v. Warren,* 610 F.2d 680 (9th Cir.1980); *United States v. Croft,* 450 F.2d 1094 (6th Cir. 1971); *Mitchell v. Boen,* 194 F.2d 405 (10th Cir.1952); *Vanover v. Cox,* 136

F.2d 442 (8th Cir.1943). If there is a dispute over whether an individual should be in custody of either the state or the federal government, that dispute is between the two sovereigns. An individual who has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences. *Mitchell v. Boen,* 194 F.2d at 407; *Lionel v. Day,* 430 F.Supp. 384, 386 (W.D.Okla.1976).

The state exercised proper custody and jurisdiction over the petitioner during the time in question. The state has retained custody and jurisdiction over petitioner since that time for his conviction of felony murder. Petitioner has not yet begun to serve his federal sentence.

The applicable statute here is 18 U.S.C. § 3568, which in relevant part reads:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

No sentence shall prescribe any other method of computing the term.

■ Petitioner's federal sentence does not commence running until such time as petitioner is released by the State and the United States Marshal assumes custody over him to take him to the place of federal detention. *U.S. v. Kanton,* 362 F.2d 178, 179 (7th Cir.1966).

Petitioner cites *Sancinella v. Henderson,* 380 F.Supp. 1393 (N.D.Ga.1974) as authority for his position that the time he spent on the State sentence which was la-

ter vacated should be credited toward his federal sentence. In *Sancinella* the petitioner sought credit for time he had spent incarcerated for the first conspiracy conviction which was later vacated, toward the second sentence he was currently serving. The court easily found that the time petitioner served on his first conviction (which was vacated) was not spent "in connection with" the offenses for which the second sentence was imposed. *Id.,* at 1395. The language from that case which petitioner relies on is as follows:

However, even if the offenses are technically unrelated, credit is allowed on a subsequent sentence for time served on invalid sentence when service of that previous term delayed commencement of the subsequent sentence. *Johnson v. Henderson,* 455 F.2d 983 (5th Cir.1972); *Meadows v. Blackwell,* 433 F.2d 1298 (5th Cir.1970); *Davis v. Attorney General,* 432 F.2d 777 (5th Cir.1970); *Watson v. Henderson,* 350 F.Supp. 249 (N.D.Ga., 1972). Further, where a person is detained in connection with State charges for which bail is set, and service of a federal sentence is delayed due to the financial inability to post bail, credit will be given on the federal sentence if no credit is received toward the State offense. *United States v. Gaines,* 449 F.2d 143 (2d Cir.1971).

*Id.* at 1395.

■ Petitioner contends that his federal sentence was delayed due to the state sentence which was later vacated. Petitioner has not shown how his federal sentence was delayed since the State exercised proper jurisdiction over his person for the bringing of other State charges against him, for which he was later convicted. Petitioner has further not shown nor alleged that his federal sentence was delayed because he was prevented from posting bail pending the state charges. Further petitioner has not demonstrated that his continued state confinement resulted from the federal detainer, *United States v. Blankenship,* 733 F.2d 433 (7th Cir.1984), or that he was denied state credit for the time

served on his unrelated State sentences for that time period. *United States v. Grimes*, 641 F.2d 96 (3d Cir.1981). Time served on an unrelated state sentence that has been voided cannot be credited against a federal sentence. *Scott v. United States*, 434 F.2d 11, 21 (5th Cir.1970); *Green v. United States*, 334 F.2d 733, 736 (1st Cir.1970); *Mize v. United States*, 323 F.Supp. 792, 795–5 (N.D.Miss.1971).

■ Petitioner has failed to show that he has a right to receive credit for the time spent in state custody toward his federal sentence.

■ Petitioner's request to be resentenced into the custody of the Attorney General or, alternatively the Indiana Department of Corrections is without merit. Petitioner is already in the custody of the Indiana Department of Corrections. What petitioner's request purports to be is a request to this court to order that his federal sentence be concurrent to his state sentence. The place of detention of petitioner is within the sole discretion of the Attorney General and the Bureau of Prisons. *United States ex rel. Konigsberg v. Warden*, 239 F.Supp. 724 (S.D.N.Y.1965). A federal court is not compelled to order that a federal sentence be served concurrently with a state sentence. *United States v. Huss*, 520 F.2d 598, 602 (2d Cir.1975). *See also, Emig v. Bell*, 456 F.Supp. 24 (D.Conn.1978).

Accordingly, it is the order of this court for the foregoing reasons that petitioner's writ is hereby DENIED; petition DISMISSED. SO ORDERED.