**UNITED STATES of America**

**v.**

**Cecil Beck BEEKER.**

**Crim. No. 27538.**

United States District Court
D. Maryland.

Nov. 17, 1967.

MEMORANDUM AND ORDER

THOMSEN, Chief Judge.

On or about October 7, 1966, Beeker stole a car in Florida and transported it to Maryland where he was apprehended on November 6. On November 7, he was convicted in the Municipal Court of Baltimore for theft of Maryland license plates which had been stolen after the car was brought to Maryland and had been placed on the stolen vehicle. He was sentenced to six months in the Maryland House of Correction and was released therefrom into the custody of the United States Marshal on March 30, 1967, for trial on the charge of interstate transportation of a stolen motor vehicle. He entered a plea of guilty to that charge in this Court on May 5, 1967, and was sentenced to a term of five years, the sentence to be reconsidered after the classification study at the penal institution to

which he was sent was made available to the Court. That study was received and considered by the Court and the sentence was modified on July 27, 1967, to five years with eligibility for parole at any time under 18 U.S.C.A. § 4208(a) (2).

Beeker now seeks credit for the time he spent in the Maryland House of Correction under the State sentence, as well as the time spent in jail between the release from that institution and the imposition of his federal sentence.

The Bail Reform Act of 1966 states in pertinent part:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which the sentence was imposed. * * *" 18 U.S.C.A. § 3568.

The legislative history (House Rep. No. 1541, 89th Cong., 2d Sess.) of the Bail Reform Act includes a statement that the Act was intended to require that credit be given for "time spent in State custody on a charge which subsequently evolves as a Federal offense". 2 U.S. Cong. & Admin.News, 1966, p. 2306.

In an address delivered at the Sentencing Institute for the Second Circuit in 1966, by Eugene N. Barkin, Legal Counsel to the Bureau of Prisons, he stated that the section of the Act quoted above requires that credit be given "for any period spent in state custody if the federal sentence is based upon the same facts as those upon which the state confinement was grounded. Thus, if a person is held in state custody for an automobile theft and is eventually sentenced under the Dyer Act for interstate transportation of the same vehicle, the period in state custody will count on the federal sentence". 41 F.R.D. 467, 497 (1966).

No judicial decision construing section 3568 has been cited or found.

■ It does not appear that Beeker has applied to the Attorney General for the claimed credit. In future cases, until such an application has been made and refused, this Court will not take formal action on a request for such credit. In this case, however, the Court has considered the propriety of the requested credit as well as the timeliness of the request, and will state its conclusion.

■ The interstate transportation of the stolen automobile to Maryland had been completed before the tags were stolen in Maryland. Although the tags were probably used to conceal the fact that the car had been brought to Maryland from Florida, and the theft of the tags was an offense related to the interstate transportation, it was not a part of that offense. The time spent in custody for the theft of the Maryland tags was not spent "in connection with the offense or acts for which the sentence [of this Court] was imposed". It follows that Beeker should not receive credit against his federal sentence for the time spent in custody from November 6, 1966, to March 30, 1967, but should receive credit for the time spent in custody after March 30, 1967.