**Julian Ferrell MIZE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. WC 7046-K.**

United States District Court,
N. D. Mississippi, W. D.

Feb. 12, 1971.

Robert J. Kelly, Batesville, Miss., for petitioner.

Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for respondent.

## MEMORANDUM OPINION

KEADY, District Judge.

This motion to vacate or correct sentence under 28 U.S.C. § 2255 was filed by petitioner, Julian Ferrell Mize, who is presently incarcerated at the Federal Correctional Institution at Texarkana, Texas, pursuant to a two year sentence imposed upon him by this court in Cause No. CRW67116. Petitioner contends that he is entitled to credit against his federal sentence for 204 days served in the Coahoma County, Mississippi jail under an invalid state court sentence. Following the appointment of counsel for petitioner and briefing and argument of the legal issues upon stipulated facts, the case is now ripe for decision on petitioner's motion to vacate.

On May 6, 1968, this court convicted petitioner on his guilty plea of violating 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle with knowledge that it was stolen. On May 24, 1968, the court suspended imposition of sentence thereon and placed petitioner on three years' supervised probation. Shortly thereafter, petitioner was convicted in state court on two counts of false pretenses (bad checks) and one count of escape and sentenced to serve 180 days in Coahoma County Jail on each of the three counts, a total of 540 days, and to pay a $500.00 fine on each of the two false pretenses counts.

On September 12, 1968, this court revoked petitioner's federal probation for having been convicted in state court, which was a clear violation of the terms of his probation; petitioner was sentenced to serve two years in a federal penitentiary to begin on completion of his state sentences.

After having served the full 540 days imposed on him by the state court, petitioner was unable to pay the $1,000 in state fines still outstanding against him, so he remained in Coahoma County Jail and received credit for his time there against the fines at the rate of $3.00 per day until they were fully paid, as provided by Miss.Code Ann. § 7906.[1] On February 11, 1970, petitioner sought release from state custody by writ of habeas corpus from this court in Cause No. DC709-S, alleging that to require an indigent to serve prison time because of his inability to pay a fine denied him due process and equal protection of the laws under the Fourteenth Amendment to the Federal Constitution. On July 11, 1970, after petitioner had served 744 days in county jail, District Judge Orma R. Smith granted the writ and ordered petitioner released, relying on Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Petitioner thereupon was delivered to federal authorities and immediately began serving his two-year federal sentence, filing the present § 2255 motion shortly thereafter.

In its response to the motion, the United States first contended that petitioner was entitled to no relief because he had failed to exhaust his administrative remedies by first seeking credit for his state time against his federal sentence from the Bureau of Prisons, as re-

---

1. "And every convict for each day's work he is required to do shall receive credit on his fine and costs assessed against him of Three Dollars ($3.00) per day, until such fine and costs are fully paid."
"§ 7899. *How sentences enforced.*

"But no convict shall be held in continuous confinement under a conviction for any one offense for failure to pay fine and costs in such case for a period of more than two years."

**794**

quired by 18 U.S.C. §§ 4165, 4166.[2] Counsel have now stipulated that this allegation is no longer tenable as shown by Exhibit "A" to the stipulation, a letter to petitioner's attorney from Eugene N. Barker, legal counsel for the Bureau of Prisons, denying petitioner any federal credit for his state time.

The government now contends that even if petitioner is entitled to some credit for the state "dead time", he is not entitled to the full 204 days which he actually served on the fines, but only for the time served in excess of the maximum sentence which the state court lawfully *could have* given him, wholly apart from the fines. It is true that Mr. Chief Justice Burger stated in Williams v. Illinois, supra, that the *Williams* holding was so limited:

> "We hold *only* that a State may not constitutionally imprison *beyond the maximum duration fixed by statute* a defendant who is financially unable to pay a fine." 399 U.S. 243, 90 S.Ct. 2023. (Emphasis added)

Nevertheless, at least one court appears to have gone further and held that imprisonment for inability to pay a fine violates equal protection rights, maximum sentence possibilities notwithstanding.[3] We need not reach that question,

however, since we determine on other adequate grounds that petitioner is entitled to no relief here.

We agree with petitioner that the

> "Constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction *for the same offense.*" North Carolina v. Pearce, 395 U.S. 711, 718–719, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969). (Emphasis added)

Congress recognized and implemented this basic principle in enacting 18 U.S.C. § 3568, which governs application of the "credit" principle by Federal Courts to federal prisoners.[4] Under § 3568 a federal prisoner is entitled to credit for time served under a prior invalid federal sentence against a subsequent, valid federal sentence if both sentences were imposed in connection with the same offense or act.[5] If, on the other hand, the federal sentences were for *unrelated* offenses or acts, there is abundant authority that the prisoner is entitled to no credit.[6] The same reasoning would clearly apply if the sentence imposed as punishment for a prior, unrelated act had been im-

---

2. "*§ 4165. Forfeiture for offense*
"If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."
"*§ 4166. Restoration of forfeited commutation*
"The Attorney General may restore any forfeited or lost good time or such portion thereof as he deems proper upon recommendation of the Director of the Bureau of Prisons."
See Lynch v. United States, 414 F.2d 281 (5 Cir. 1969); Sexton v. United States, 429 F.2d 1300, 1301 (5 Cir. 1970).

3. In Re Antazo, 3 Cal.3d 100, 89 Cal.Rptr. 255, 473 P.2d 999 (1970).

4. "The sentence of imprisonment of any person convicted of an offense shall com-

mence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

5. Sanders v. McGuire, 405 F.2d 881 (5 Cir. 1969); Dillinger v. Blackwell, 277 F.Supp. 389 (N.D.Ga.1967); United States v. Becker, 275 F.Supp. 608 (D.C. Md.1967); Hill v. Holman, 255 F.Supp. 924 (M.D.Ala.1966).

6. See, e. g., Davis v. United States Attorney General, 432 F.2d 777 (5 Cir. 1970); United States ex rel. Smith v. Rundle, 285 F.Supp. 965 (E.D.Pa.1968); Thacker v. Peyton, 289 F.Supp. 368 (W.D.Va. 1968), vacated on other grounds 419 F. 2d 1377 (4 Cir. 1969).

posed by a state court, as it was here.[7] It is equally well-settled that a prisoner once wrongly incarcerated may not "bank" the time served on invalid sentences to credit against valid, subsequent sentences imposed for totally unrelated crimes.[8]

 We express no opinion as to whether "dead time" served on a prior, invalid state sentence should be credited against a subsequent federal sentence if the sentences were imposed for the same or closely related acts. That question is not before us, because we must reject petitioner's contention that his present federal sentence and prior, invalid state sentences were imposed for "related acts." The mere fact that petitioner's state arrest and conviction brought about revocation of his federal probation would not be reason to credit his "dead" state time against his subsequent federal sentence, although it might require reconsideration of his probation revocation itself if the state arrest and conviction were invalid. Even if we were to adopt petitioner's overly broad construction of the words "related acts," however, the record clearly shows that it was his arrest and conviction which brought about the probation revocation and not his subsequent, invalid imprisonment for non-payment of the two $500 fines. The state arrests, convictions and three 180-day sentences were all admittedly valid and were sufficient cause for revoking his probation. Petitioner's state arrest, conviction and sentences were "related" to his subsequent federal sentence only because they brought about revocation of his federal probation, and these links are insufficient to invoke § 3568 or the protection of the United States Constitution against being twice punished for the same acts.

We hold, therefore, that the petitioner's invalid state sentences were not so "related" to his subsequent federal sentence that either the federal statutes or Constitution entitle him to credit thereon and his Motion to Correct or Vacate Sentence is denied.

---

7. Scott v. United States, 434 F.2d 11 (5 Cir. 1970); Syrotchen v. United States, 351 F.2d 952 (5 Cir. 1965); Green v. United States, 334 F.2d 733 (1 Cir. 1965), cert. den. 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274.

8. Glover v. North Carolina, 301 F.Supp. 364 (E.D.N.C.1969); Thacker v. Peyton, supra; Smith v. Rundle, supra; United States v. Commonwealth & Common Pleas Ct. of Pennsylvania, 260 F. Supp. 474 (E.D.Pa.1966); Kelly v. North Carolina, 276 F.Supp. 200 (E.D. N.C.1967).