Herbert McINTYRE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–1881.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Jan. 13, 1975.

Herbert McIntyre, filed brief pro se.

Donald Stohr, U. S. Atty. and Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., filed typewritten brief for respondent-appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

The district court rejected Herbert McIntyre's petition for credit against a federal sentence for time spent in the St. Louis City Jail. McIntyre has appealed, and we affirm the decision of the trial court.[1]

The relevant facts are as follows:

(1) On August 29, 1973, McIntyre was arrested on a federal charge of theft from an interstate shipment.

(2) On September 21, 1973, he was released from custody on a $5,000.00 bond.

(3) On September 24, 1973, McIntyre waived indictment and entered a not guilty plea to the federal charge. On November 5, 1973, he changed his plea to guilty but was not then sentenced.

(4) On November 7, 1973, he was arrested by the St. Louis police and was charged in a warrant issued the next day with second-degree burglary by the State of Missouri. He was held in the city jail.

(5) On November 9, 1973, McIntyre's federal bond was raised to $25,000.00.

(6) On December 7, 1973, he was sentenced in federal court to three years imprisonment on the charge under which he was arrested on August 29, 1973.

---

1. McIntyre filed what he denominated a "Motion for Credit of Time" in the district court which had sentenced him originally. We treat this as, in effect, a motion to correct the sentence under 28 U.S.C. § 2255; which, of course, is properly filed in the sentencing court. Outlaw v. Connett, 460 F.2d 1257 (5th Cir. 1972).

(7) McIntyre continued to be incarcerated in the city jail until August 26, 1974, when he entered a guilty plea in the state case to the reduced charge of accessory after the fact to second-degree burglary. The state court sentenced him to one year imprisonment on that date.

(8) On August 29, 1974, McIntyre was turned over to federal authorities by the state authorities. However, he continued to be held in the city jail until he was transported to the United States Penitentiary at Terre Haute, Indiana on September 19, 1974.

McIntyre claims that he was taken into custody by federal marshals on November 9, 1973, and held in their custody at the city jail until September 11, 1974. He wants this time credited to his three year federal sentence pursuant to 18 U.S.C. § 3568 which provides that "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

The record reveals, however, that from November 7, 1973, until August 29, 1974, McIntyre was being held by state authorities on the state burglary charge. His only appearances before the federal court were obtained by means of writs of habeas corpus ad prosequendum directing the United States Marshal to secure McIntyre's release from state custody in order to bring him before the federal judge and then to return him to state custody.

Furthermore, it is clear that Missouri credited McIntyre with the time spent in jail from November 7, 1973, to August 26, 1974, because only three days after being sentenced by the state court to one year imprisonment he was released from state custody and turned over to federal authorities.

This Court has held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time. Shields v. Daggett, 460 F.2d 1060, 1061 (8th Cir. 1972). *See also* United States v. Downey, 469 F.2d 1030, 1032 (8th Cir. 1972); United States ex rel. Derengowski v. United States Attorney General, 457 F.2d 812, 813 (8th Cir. 1972); Doss v. United States, 449 F.2d 1274, 1275 (8th Cir. 1971).

█ It is evident, therefore, that McIntyre's claim is without merit. He was properly in state custody from November 7, 1973, to August 29, 1974. The time spent awaiting the state trial on August 26, 1974, was credited on the state sentence. And the sentence computation record shows that McIntyre's federal sentence commenced on August 29, 1974. There is no reason to credit him for time spent in the city jail from November 9, 1973, to September 11, 1974, as claimed.

The judgment of the district court is affirmed.