**Thomas RUFFIN, Petitioner,**

v.

**G. McCUNE, Warden, Respondent.**

**No. 76–2–C3.**

United States District Court,
D. Kansas.

May 6, 1976.

Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondent.

Cox, pro se.

Ruffin, pro se.

### MEMORANDUM AND ORDER

THEIS, District Judge.

Petitioner moves this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is presently incarcerated in the United States Penitentiary at Leavenworth, Kansas, serving the remainder of a 13-year sentence after revocation of his mandatory release. Petitioner claims he is entitled to credit for time served upon an invalid federal sentence which delayed the service of the remainder of his present sentence. Respondent has answered, denying petitioner's right to such credit on grounds that the intervening invalid sentence did not constitute custody in connection with the offense for which he is currently incarcerated; and that it was the Parole Board's discretion not

to execute his parole revocation warrant until after his release from service of the invalid federal sentence. Respondent alleges that to allow petitioner credit for time served is to allow him to "bank" time for a subsequent offense.

The facts involved in this case are somewhat complex. In 1963 petitioner began serving a 13-year federal sentence, and on February 5, 1971 he was released on mandatory release with 1,848 days of his sentence unserved. On April 4, 1972, a parole violator's warrant was issued by the Board of Parole alleging various charges, including: (1) carrying a concealed weapon on June 28, 1971, for which he was arrested by the State of Missouri with disposition pending; (3) carrying two concealed weapons on February 23, 1972, for which he was charged by the State of Missouri, with disposition pending; and (4) unauthorized possession of firearms. This warrant was not served upon petitioner at that time, however. In January, 1973, petitioner was taken into federal custody for federal charges arising out of the incidents cited in the parole violator's warrant; and upon trial and a jury verdict of guilty, petitioner was sentenced to an aggregate term of four years. On January 14, 1974, the Parole Board's amended parole violator's warrant was forwarded to the United States Penitentiary at Leavenworth, Kansas, to be placed as a detainer against petitioner and to be executed upon release from the sentence then being served. On January 16, 1974, petitioner's federal firearms conviction was reversed; and on February 20, 1974, an order was issued releasing petitioner. On February 22, 1974, immediately upon petitioner's release, the Parole Board executed the parole violator's warrant. Thereafter, petitioner's parole was formally revoked, as set forth in the Order and Reasons of the Board of Parole dated June 18, 1974, based on charges (3) and (4) of the violator's warrant. Petitioner had previously plead guilty and had served a sentence imposed upon him by a state court in St. Louis, Missouri, on the two counts of carrying a concealed weapon cited in charge (3).

Petitioner took administrative steps to receive credit for the time spent in federal prison upon an invalid sentence between the time the Parole Board issued the parole violator's warrant and the time such warrant was executed. In September, 1975, the Bureau of Prisons granted him credit for the days sought. On December 5, 1975, however, the Acting General Counsel for the Bureau of Prisons wrote petitioner as follows:

"We reviewed your appeal in mid-September and felt that your request had merit since the violator warrant had been in existence throughout the time you were serving the invalid federal sentence and since the violator warrant had been issued for reasons other than the new federal charge. It was our observation that had you not been serving the invalid federal sentence you would have been taken into custody on the basis of the violator warrant and the violator term would have begun on January 18, 1973. However, since the U.S. Board of Parole has sole jurisdiction over execution of their warrants, we discussed the possibility of retroactively executing the violator warrant with a member of the Board's staff, who agreed that this would be a proper solution. Since that time we have learned that the Board wishes to retain their option of deciding when the violator warrant should be, or should have been executed. For this reason, we regret to inform you that we, pursuant to the Board's wishes, must reverse our previous decision to recompute your violator term as beginning on January 18, 1973. As a result, your violator term will be computed as beginning on February 22, 1974, as previously computed by the staff at Leavenworth."

The Tenth Circuit has ruled on a case factually similar to this one in *Goodwin v. Page,* 418 F.2d 867 (1969). There, defendant Goodwin was sentenced to life imprisonment on a 1936 murder conviction; was paroled in 1961; and while on parole committed the crime of robbery. His parole was revoked in 1962 and he was returned to the penitentiary. In 1963, upon trial and

conviction for robbery, he was sentenced to five years, to run consecutively to his prior sentence. The 1936 conviction was found invalid by a federal court in 1969. The respondent contended the five year sentence, imposed as consecutive, began to run only from the date the 1936 conviction was declared legally invalid. The Court disagreed, stating (at page 868):

"Where a petitioner is serving a sentence which is held void, a later consecutive sentence based on a different crime runs independently."

The above Tenth Circuit case was cited in a Fifth Circuit case directly on point, *Meadows v. Blackwell*, 433 F.2d 1298 (5th Cir. 1970). In that case a federal parolee was arrested for a Dyer Act violation and a parole violator warrant was issued but not executed until after a conviction under the Dyer Act was reversed. The Court stated:

"It is clear to this Court that appellant is entitled to the relief sought. Had it not been for the intervention of the invalid Dyer Act sentence, the commencement of service of the remainder of his earlier sentence would have been advanced. (citations deleted.) It is unnecessary for us to determine whether the appellant should be credited with jail time from March 5, 1968, the date of his arrest, or from October 16, 1968, the date of the invalid conviction, since he is entitled to immediate unconditional release in either case.

"We do not intend that this opinion be interpreted as standing for the principle that prisoners may 'bank' time. Rather, we intend that it be restricted to cases strictly within the factual situation here involved, i. e., time served on an invalid sentence at a time when a presently existing sentence could have been served." (p. 1299.)

Respondent alleges the Mississippi District Court's decision in *Mize v. United States*, 323 F.Supp. 792 (D.Miss.1971), indicates the Fifth Circuit's withdrawal from the position taken in *Meadows v. Blackwell*, supra. The Court notes that *Mize*, however, concerns an invalid *state* sentence, which clearly differentiates *Mize* from the present case, where the federal government at all relevant times had custody of the petitioner. Petitioner does not seek credit for the time served in state prison upon a plea to charges factually related to the invalid federal firearms convictions. Respondent has cited to the Court various cases in which petitioners were not allowed credit for time served upon an earlier sentence as to a present sentence. The Court notes that none of these cited cases falls within the narrow factual situation here in question except one Tenth Circuit case decided in 1959, in which the legal questions presented in this case were not considered. See *Teague v. Looney*, 268 F.2d 506 (10th Cir. 1959). The Court finds *Goodwin v. Page*, supra, and *Meadows v. Blackwell*, supra, to be more relevant and persuasive.

The Court does not find that this is a case in which a prisoner is attempting to "bank" time he served invalidly in order to apply it to a future sentence subsequently imposed for an unrelated crime. Obviously, the Court does not condone such a practice which would be fundamentally opposed to concepts of justice. Likewise fundamentally opposed to such concepts, however, would be the government's forcing someone to serve time upon a sentence subsequently determined to be invalid at a time when a presently existing sentence could have been served, and then refusing to credit such time upon the valid sentence. The sentence for which petitioner is now incarcerated was imposed long before he served the intervening invalid sentence. It is clear that the Parole Board intended petitioner be taken into custody upon his parole violator's warrant as soon as he was released from federal custody upon the invalid conviction. Petitioner was so taken into custody, his parole was revoked for reasons stated in his revocation warrant as of April 4, 1972, and the evidence upon which the Board's findings were based had been available to the Board since that time. This is not a case in which a new crime was committed *after* petitioner served the invalid sentence. Rather, it is clear that all acts and preliminary processes necessary for revocation of

petitioner's parole had been performed prior to his beginning the invalid sentence; and were it not for that sentence, formal revocation would have occurred so petitioner could have begun completion of his valid sentence.

■ The Court finds that crediting time served under the invalid sentence to that time petitioner has remaining upon his prior valid sentence does not violate any discretionary powers of the United States Board of Parole. As pointed out by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Parole Board's discretion in matters under its jurisdiction is not so total as to rule out standards of fairness and due process:

> "Society has a further interest in treating the parolee with basic fairness: fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbitrariness." (408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496.)

In this case the Parole Board had discretion to revoke or not revoke petitioner's parole, but upon the facts such revocation was almost a certainty; and the Court, in taking judicial notice of this fact, which is borne out by the Parole Board's ultimate decision, does not infringe upon the Board's right to make such decision. Nor is the Board's discretion as to when a parole revocation warrant is to be executed infringed upon by crediting the time here served. In the Board's own letter sent with the warrant served immediately upon petitioner's release from his invalid sentence, is stated its intent to have the warrant served upon petitioner immediately upon his release from confinement. It is clear the Board's concern was that petitioner begin to serve the remainder of his former sentence as soon as any other valid sentence was completed. The Court will not presume the Parole Board knew or wished to take advantage of any inadvertent injustice perpetrated upon petitioner by the federal government in requiring him to serve a year upon an invalid conviction. Were it

not for this intervening invalid sentence, it is obvious by the expressed intent of the Parole Board that it would have executed the parole violator's warrant and required petitioner to begin service of the remainder of his valid sentence a year before it did.

■ The facts of this case come down to this. A man in federal custody spent over one year of his life serving an invalid sentence when, had he not been so confined, he would have been in all certainty serving the remainder of a valid sentence imposed for a prior offense. Practically, although perhaps not technically, the remainder of such prior sentence was at all times understood by the government as well as petitioner to be such as would run consecutively to the invalid sentence. Petitioner has no remedy in damages against the federal government for that year which was taken from him. The government has a remedy, one judicially mandated in cases on point, and that is to credit that year to a sentence petitioner would otherwise have been serving. To do otherwise, upon the basis of a technicality obviously irrelevant to the practicality of petitioner's situation, is so grossly offensive to this Court's concept of fundamental fairness as to constitute a denial of due process. Therefore, upon the basis of cases cited herein, the Court finds petitioner should be credited with time spent in federal custody from January 18, 1973, to February 22, 1974, which time shall apply towards completion of the sentence presently being served by petitioner.

IT IS SO ORDERED at Wichita, Kansas, this 6th day of May, 1976.

IT IS FURTHER ORDERED that the Clerk transmit copies of this Memorandum and Order to the parties named herein and to the office of the United States Attorney.