Mark W. SCHMANKE, # 02055–027, Petitioner,

v.

UNITED STATES BUREAU OF PRISONS, Respondent.

Civ. No. 5–93–157.

United States District Court, D. Minnesota, Fifth Division.

March 8, 1994.

---

Mark W. Schmanke, pro se.

Andrew Luger, Asst. U.S. Atty., Minneapolis, MN, for respondent.

### ORDER AND REPORT AND RECOMMENDATION

MAGNUSON, District Judge.

This matter is before the Court upon Magistrate Judge Raymond L. Erickson's Report and Recommendation, dated February 22, 1994. No objections have been filed to that Report and Recommendation during the time permitted for objections. Based on a review of the record and the submissions of the parties, the Court ADOPTS the Report and Recommendation.

Accordingly, IT IS HEREBY ORDERED THAT:

Respondent shall, immediately and without delay, credit the time the Petitioner served from May 28 to August 17, 1987 to his current Federal sentence.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

 This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A) and (B), upon a Petition for a Writ of Habeas Corpus, see, *Title 28 U.S.C. § 2241,*[1] which alleges that the Respondent has failed to credit the Petition-

---

1. The Petitioner has identified Title 28 U.S.C. § 2243 as the operative jurisdictional basis for his claim. This was an obvious error and, therefore, we deny the Respondent's Motion that the Petition be dismissed, on jurisdictional grounds, as fatuous. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam) (*Pro se* pleadings are to be read with an indulgent, not a hypercritical eye).

er's Federal sentence for the 82 days that he had spent in Federal custody while awaiting a trial on the Federal charges for which his conviction was ultimately rendered.[2]

The Petitioner has appeared *pro se*, *in forma pauperis*, and the Respondent has appeared by Andrew M. Luger, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be granted.

## II. *Factual and Procedural Background*

■ The Petitioner is presently in the custody of the United States Bureau of Prisons and is serving a 20–year sentence that was imposed on February 22, 1988, as a result of the Petitioner's conviction for conspiring to alter and cash postal money orders in violation of Title 18 U.S.C. §§ 371 and 500; for mail fraud in violation of Title 18 U.S.C. § 1341; and for wire fraud in violation of Title 18 U.S.C. § 1343.[3] *See*, *United States v. Weaver*, 882 F.2d 1128 (7th Cir.1989), *cert. denied sub nom. Schmanke v. United States*, 493 U.S. 968, 110 S.Ct. 415, 107 L.Ed.2d 380

(1989); *United States v. Schmanke*, 933 F.2d 1012 (7th Cir.1991). Notably, these violations occurred during the period from March of 1982 through December of 1983, while the Petitioner was incarcerated at the Indiana State Prison in Michigan City, Indiana, serving two State Court sentences for burglary and for attempted theft.[4]

■ After the Federal authorities had uncovered the conspiracy, the Petitioner was indicted by a Federal Grand Jury, and a Writ of Habeas Corpus *ad prosequendum*[5] was issued by the United States District Court for the Northern District of Indiana. Pursuant to that Writ, on May 28, 1987, the Petitioner was transferred by the United States Marshal from the Michigan City penitentiary, to a Federal holding facility at the Metropolitan Correctional Center in Chicago, Illinois.

■ On August 17, 1987, while the Petitioner was in Federal custody awaiting trial on his Federal charges, his last remaining State Court sentence expired.[6] Thereafter,

---

**2.** By a Motion that was filed on February 17, 1994, the Petitioner has advised of family exigencies which, when coupled with the Court's inherent obligation to consider Habeas Petitions expeditiously, commends our dispatch. In view of the issuance of this Report and Recommendation, the Petitioner's Motion is denied as moot. Nevertheless, we do note the Petitioner's assertion that, if successful in his Petition, his release is imminent, if not immediate.

**3.** At the time of the filing of this action, the Petitioner was incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. By letter dated November 30, 1993, the Petitioner informed the Court that, as of December 8, 1993, he would be housed at the Bradley Halfway House in Michigan City, Indiana. Because the Petitioner is still subject to the authority of the Bureau of Prisons, he is still "in custody" despite his status as a halfway house resident. *See, e.g., Moreland v. United States*, 968 F.2d 655, 659 (8th Cir.1992) (en banc), *cert. denied*, —— U.S.——, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992). Moreover, notwithstanding the Petitioner's transfer outside this District during the course of this action, we note the general rule that habeas jurisdiction continues to lie in the District in which the prisoner was incarcerated at the time that the Habeas Petition was filed. *See, e.g., Ex parte Endo*, 323 U.S. 283, 305–06, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C.Cir.1988); *McCoy v. United States Board of Parole*, 537 F.2d

962, 966 (8th Cir.1976); *Harris v. Ciccone*, 417 F.2d 479, 480 (8th Cir.1969), *cert. denied*, 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970).

**4.** The record before us discloses that the Petitioner's 8–year State Court sentence for the burglary conviction expired on or about August 15, 1985, at which time the Petitioner commenced serving his 4–year State Court sentence for attempted theft.

**5.** A Writ of Habeas Corpus *ad prosequendum* is issued when it is necessary to remove a prisoner from one jurisdiction to another in order to prosecute the prisoner in the proper jurisdiction. *Black's Law Dictionary*, p. 837 (4th Ed.1957); *see also, Flick v. Blevins*, 887 F.2d 778, 779 n. 1 (7th Cir.1989), *cert. denied*, 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir.1975), *cert. denied*, 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 673 (1975).

**6.** The Respondent feigns uncertainty as to the factual basis for the Petitioner's request for relief. We quote its lack of resolve as follows:

Petitioner also fails to articulate which Indiana state sentence was dismissed. Petitioner was serving an eight[-]year and a four-year sentence for Indiana. Absent a factual showing of which sentence was dismissed the court could assume the eight-year sentence was left intact

the Petitioner remained in Federal custody and, on February 22, 1988, he was sentenced, following his trial and conviction, by the United States District Court for the Northern District of Indiana, to a total term of 20 years.

As here pertinent, the Petitioner had pursued post-conviction relief, while in Federal custody, as to each of his State Court sentences. With respect to the sentence that he was serving on August 17, 1987—when he was transferred to the United States Marshal for the processing of his Federal charges—the Petitioner's efforts resulted in the dismissal of that State Court action by Order dated March 18, 1991. Although the Petitioner has been credited for his time in Federal custody that followed the expiration of his State Court sentence on August 17, 1987, he here petitions for an additional 82 days of jail credit towards his current Federal sentence. The 82–days relate to the period of time during which the Petitioner was in the keeping of the United States Marshal; *i.e.*, from May 28, 1987 to August 17, 1987.

Having exhausted his administrative remedies, the Petitioner brought this action, pursuant to Title 28 U.S.C. § 2241, arguing that he has unlawfully been denied credit against his Federal sentence for the period in question.

### III. *Discussion*

■ To the extent disclosed by our research, this would appear to be a case of first impression.[7] Unfortunately for the Petition-

---

and petitioner simply was released on August 17, 1987, via expiration of the eight-year sentence. If this is the case petitioner is clearly not entitled to the 82 days of jail credit towards his current Federal sentence because petitioner's State sentence would have been credited. This would make the petitioner's claim for jail credit a "double credit" claim. Such posturing, at this late date, is quizzical at best. Any possible doubt, as to which of the Petitioner's State sentences had been dismissed in 1991, is easily resolved by reference to the Declaration of Diane Frederiksen, upon which the Respondent relies. Nevertheless, the Respondent's pretensions remain problematic.

In the first instance, only the Attorney General has the authority, under Title 18 U.S.C. § 3568, to grant credit on a Federal sentence for the time that the Petitioner has spent in pre-sentence custody. See, *Title 18 U.S.C. § 3568* (1982), repealed—as to offenses committed after November 1, 1987—by the Sentencing Reform Act of 1984, Pub.L. No. 98–473, §§ 212(a)(2) & 235(a)(1), 98 Stat.1987, 1987, 2031–32; *see also, United States v. Bayless*, 940 F.2d 300, 304 (8th Cir.1991); *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985) (per curiam). If, after the Petitioner has exhausted his administrative remedies, the Attorney General and her delegatees remain dubious about the factual predicates of the Petitioner's claim, then we have substantial doubt that his exhaustion of the Bureau of Prison's administrative process has served any purpose other than delay.

7. Once again, we find the posture of the Respondent to be enigmatic. Three decisions, alone, are relied upon for the Respondent's rejection of the Petitioner's claim. In the first, *Mize v. United States*, 323 F.Supp. 792 (N.D.Miss.1971), the petitioner had been detained in State custody beyond the maximum length of his State sentence because of his inability to pay a fine that had been imposed as a part that sentence. He re-mained in State custody until released pursuant to a Federal Habeas Writ and, at that time, he was delivered to Federal authorities to commence a Federal sentence. His Motion to vacate or correct that sentence, under Title 28 U.S.C. § 2255, was denied by the *Mize* Court on the ground that, even though the petitioner's State detention had been invalid, it should not be credited against his Federal sentence. While the holding in *Mize* is certainly on point, it also appears to be clearly wrong.

Our Circuit's decision in *In re Nelson*, 434 F.2d 748 (8th Cir.1970)—which denied credit against a Federal sentence on grounds that were closely analogous to those in *Mize*—was summarily vacated by the United States Supreme Court in *Nelson v. United States*, 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971). There appears to be little doubt that the law of this Circuit, if not of this land, is in conflict with the holding in *Mize*. *See, Brown v. United States*, 489 F.2d 1036, 1037 (8th Cir.1974); *United States v. Downey*, 469 F.2d 1030, 1031–32 (8th Cir.1972); *United States v. Sockel*, 368 F.Supp. 97, 99–100 (W.D.Mo.1973).

The second decision cited—that of *United States v. Haney*, 711 F.2d 113, 115 (8th Cir. 1983)—awarded credit against a Federal sentence for the time that the petitioner was released by State authorities, on Federal Writ of *ad prosequendum*, so as to permit the petitioner to plead guilty to Federal charges—a result which is just the opposite of that which the Respondent urges here.

The last decision cited is *Harkins v. Wyrick*, 589 F.2d 387 (8th Cir.1979). The holding in that case is plainly inapposite. *See, Bagley v. Rogerson*, 5 F.3d 325, 329 (8th Cir.1993).

Given its presentation in this Court, we may reasonably infer that the Respondent has an astounding level of disinterest in the resolution of the pending issues, or that it does not seriously

er, two firmly entrenched lines of authority counsel against—but do not bar—the relief that he requests. Our analysis commences, where it logically must, with the language of Title 18 U.S.C. § 3568.

■ Section 3568 [8] provides, in relevant part, as follows:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

\* \* \* \* \* \*

If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

Relying upon the language which authorizes credit "for any days spent in custody in connection with the offense or acts for which sentence was imposed," the Petitioner argues that he was in Federal custody, pursuant to a Writ of *ad prosequendum,* during the entire period for which he now seeks credit.

There is a wealth of authority, however, which holds that a State prisoner is not "in custody"—within the meaning of Section 3568—when he appears in Federal Court pursuant to a Writ of Habeas Corpus *ad prosequendum. See, McIntyre v. United States,* 508 F.2d 403, 404 (8th Cir.), *cert. denied,* 422 U.S. 1010, 95 S.Ct. 2634, 45 L.Ed.2d 673 (1975); *Derengowski v. United States Attorney General,* 457 F.2d 812, 812–13 (8th Cir.1972); *see also, Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir.1991); *Flick v. Blevins,* 887 F.2d 778, 782 (7th Cir.1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990); *Hernandez v. United States Attorney General,* 689 F.2d 915, 918–19 (10th Cir.1982); *Roche v. Sizer,* 675 F.2d 507, 510 (2nd Cir.1982); *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *Vignera v. United States Attorney General,* 455 F.2d 637, 637–38 (5th Cir.1972). The reasoning of these cases, however, renders them distinguishable.

■ As the decisions of this Circuit make clear, the purpose of denying Federal sentence credit when a State prisoner is "on loan" pursuant to a Writ of *ad prosequendum* is to preclude any potential that the prisoner would receive "double credit," i.e., credit against his State sentence and credit against any Federal sentence, for the same period of time. *See, McIntyre v. United States, supra* at 404; *Brown v. United States, supra* at 1037 n. 1; *Derengowski v. United States, supra* at 812–13. Such a result could not occur here, as the Petitioner's State sentence was subsequently nullified.[9]

---

contest the relief that the Petitioner requests. In either event, the Respondent does a disservice to all concerned by the submissions it has made.

8. Title 18 U.S.C. § 3568 has been repealed and does not apply to offenses committed after November 1, 1987. *See, Sentencing Reform Act of 1984,* Pub.L. No. 98–473, Title II §§ 212(a)(1), 98 Stat.1987, 1987, 2031, as amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, Sec. 4, § 235(a)(1), 99 Stat. 1728, as amended by Sentencing Act of 1987, Pub.L. No. 100–182, Sec. 2(a)(1), 101 Stat. 1266; *see also, Kendrick v. Carlson,* 995 F.2d 1440, 1444 n. 3 (8th Cir.1993). Nevertheless, the Petitioner's claim for relief is governed by Section 3568 because the Federal offenses which produced his current sentence were committed before November 1, 1987.

9. We suspect that it could be argued that the Petitioner's State sentence was credited for the time in question, such that the sentence expired on August 17, 1987, permitting him to be removed to Federal custody at an earlier date than if no such credit had been granted. While undoubtedly true, the credit is inconsequential given the fact that his State sentence was merely a phantom. Moreover, given the Petitioner's past history of flight while on pretrial release, it seems most probable that, but for the phantom State sentence, the Petitioner would have been arrested and detained on the Federal charges either on or before May 28, 1987—the date on which he was released to the Federal authorities. Of course, there could be no responsible argument that the Petitioner's Federal confinement, under such a scenario, would not be entitled to the credit he now seeks.

A second line of authority also challenges the propriety of the credit the Petitioner requests. According to these decisions, a prisoner may be denied credit against a Federal sentence for the time that was served on a State sentence that subsequently was invalidated. In a recurrent scenario, a prisoner is not released to commence his Federal sentence because of his obligation to complete a State sentence which, subsequently, is found to be invalid. In such a circumstance, with near uniformity, the Courts have held that the prisoner may not "bank" the time served on an invalid sentence to credit against a valid, subsequent sentence imposed for a totally unrelated crime. *See, e.g., Bagley v. Rogerson,* 5 F.3d 325, 329–30 (8th Cir.1993), citing *Holscher v. Young,* 440 F.2d 1283, 1290 (8th Cir.1971); *Meagher v. Clark,* 943 F.2d 1277, 1280 (11th Cir.1991); *Pinaud v. James,* 851 F.2d 27, 31 (2d Cir.1988); *Scott v. United States,* 434 F.2d 11, 21 (5th Cir.1970); *Green v. United States,* 334 F.2d 733, 736 (1st Cir. 1964), *cert. denied,* 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); *Holleman v. United States,* 612 F.Supp. 384, 386 (N.D.Ind.1985); *Glover v. North Carolina,* 301 F.Supp. 364, 368 (E.D.N.C.1969). Accordingly, if the Petitioner's argument was restricted to merely a crediting of his invalid State time to his Federal sentence, his claim would be denied.[10] This is not his claim, however.

Properly phrased, the Petitioner is arguing that, during the period from May 28 through August 17, 1987, the only basis for his confinement, which could have been legitimate, was the Federal Writ of *ad prosequendum.* In a strict sense, it matters not if the Federal confinement was legitimate or unlawful;[11] the fact that he was confined solely because of Federal authority—there being no legitimate State sentence to execute—should entitle him, he argues, to Federal credit for that period of confinement. We agree for, under any rational construction of Section 3568, the period served, between May 28 and August 17, 1987, could only be considered as an interval of Federal pretrial confinement; i.e., "days spent in custody in connection with the offense or acts for which sentence was imposed." *Title 18 U.S.C. § 3568.* We recognize that the invalidity of the State sentence was not known until well after that sentence had been served, but that does not deny the Respondent a timely opportunity to accredit that time, quite properly, to the Petitioner's current sentence.

NOW, THEREFORE, It is—

ORDERED:

That the Petitioner's Motion to Expedite [Docket No. 10] is denied as moot.

AND, It is—

RECOMMENDED:

That, without delay, the Respondent shall credit the time that the Petitioner served from May 28 to August 17, 1987, to his

---

**10.** In denying such a claim, the Courts tend to interpret Section 3568 literally. Since the Federal sentence does not commence until the petitioner is "received at the penitentiary, reformatory, or jail," there can be no valid basis to conclude that his sentence started before that time, even if the delay in the commencement of that sentence was due to an invalid State Judgment. This is so because the Federal authorities are entitled to the full service of the Federal sentence, even if a prior State sentence has been vitiated. A different holding would deny the Federal Courts the authority to impose a sentence which would run consecutively to a State sentence, a result the Courts have regarded as unacceptable. *Pinaud v. James,* 851 F.2d 27, 31–32 (2d Cir.1988), citing, *e.g., Scott v. United States,* 434 F.2d 11, 21 (5th Cir.1970); *Green v. United States,* 334 F.2d 733, 736 (1st Cir.1964), *cert. denied,* 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); *see also, Bagley v. Rogerson,* 5 F.3d 325, 329–30 (8th Cir.1993); *Meagher v. Clark,* 943 F.2d 1277, 1280 (11th Cir.1991). Being separate sovereignties, the State and the Federal governments are entitled to separate sentences. *Pinaud v. James, supra* at 32.

**11.** In this respect, the Petitioner's reliance on *Meadows v. Blackwell,* 433 F.2d 1298 (5th Cir. 1970), is misplaced. There the Court was confronted by consecutive Federal sentences for different Federal crimes, the first of which was found to have been invalid. The Court determined that the petitioner's service on the invalid Federal offense should be credited to his second Federal sentence. Here, the Petitioner was charged with only one Federal crime and has been serving only one Federal sentence. Cf., *Bagley v. Rogerson, supra* at 329, citing *Miller v. Cox,* 443 F.2d 1019, 1020–21 (4th Cir.1971).

current Federal sentence or a Writ of Habeas Corpus shall issue.