**Nuradeen ALAMIN, Petitioner,**

v.

**GERLINSKI, Warden, Respondent.**

**No. CIV.A. 1:CV–98–0047.**

United States District Court,
M.D. Pennsylvania.

Dec. 9, 1998.

Daniel I. Siegel, Asst. Federal Public Defender, James V. Wade, Federal Public Defender, Harrisburg, PA, Nuradeen Alamin, Butner, NC, pro se.

Kate L. Mershimer, Williamsport, PA, for Respondent.

## MEMORANDUM

CALDWELL, District J.

### I. *Introduction.*

 While he was imprisoned at LSCI–Allenwood, Pennsylvania, Nuradeen Alamin filed a pro se petition under 28 U.S.C. § 2241 to vacate his convictions under 18 U.S.C. § 924(c)(1) for using a gun during and in relation to a drug trafficking offense, asserting that they are no longer valid under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The convictions were obtained after a plea of guilty to the firearms offenses and to a substantive drug count in the United States District Court for the Western District of North Carolina. Alamin is now incarcerated in FCI–Butner, North Carolina, but we retain jurisdiction. *See Chatman–Bey v. Thornburgh,* 864 F.2d 804, 806 n. 1 (D.C.Cir.1988); *Schmanke v. United States Bureau of Prisons,* 847 F.Supp. 134 (D.Minn.1994).[1]

The government argues that the petition is procedurally barred because Alamin failed to raise the *Bailey* claim in earlier proceedings and because the Fourth Circuit refused his request to file a second motion under 28 U.S.C. § 2255 that would have litigated the claim. Conversely, Alamin contends that the Third Circuit in *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997), has approved the filing of a 2241 petition for a defendant in Alamin's circumstances.

### II. *Background.*

On May 7, 1991, Alamin was named in a 10–count indictment in the Western District of North Carolina on various drug charges and related firearms offenses. The petitioner was a fugitive for some two years and was then apprehended. On September 27, 1993, he entered a plea of guilty to Count One,

---

1. We also note that the named respondent is Alamin's custodian while he was at Allenwood, but that the government has responded on behalf of the United States and has identified the respondent as the United States, thereby waiving any issue concerning personal jurisdiction over the petitioner's current custodian.

charging him with a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846, and Counts Six, Seven, Eight, Nine and Ten, five counts of using and carrying a firearm during and in relation to a drug trafficking offense in violation of section 924(c)(1). Count Eight was later dismissed on motion of the government. Alamin was sentenced to 120 months on Count One and, as required by section 924(c)(1), a consecutive sentence of 60 months on the four remaining firearms charges. (The court ruled that these offenses had merged for the purpose of sentencing.)

At the time of sentencing, a section 924(c)(1) conviction could be sustained in the Fourth Circuit by showing that the firearm had facilitated the drug offense. *See United States v. Brockington*, 849 F.2d 872 (4th Cir. 1988), a different standard from the one the Supreme Court adopted later in *Bailey*, *supra*, which requires active employment of the weapon for a valid conviction under the use prong of section 924(c)(1). *See United States v. Arrington*, 153 F.3d 722 (4th Cir.1998)(recognizing that *Bailey* had overruled *Brockington* )(text in Westlaw at 1998 WL 433302).

On July 24, 1995, the petitioner filed his first 2255 motion, raising grounds for relief other than a *Bailey*-type claim that he was innocent of his section 924(c)(1) convictions. On December 18, 1995, the district court denied the motion. In the meantime, on December 6, 1995, the Supreme Court decided *Bailey*. The petitioner appealed the denial of the 2255 motion, and the Fourth Circuit affirmed the district court on July 31, 1996. *See* 91 F.3d 134 (4th Cir.1996)(table).

In January 1997, petitioner moved the Fourth Circuit for permission to file a second 2255 motion, so that he could pursue a claim that his section 924(c)(1) convictions were

invalid under *Bailey*. On July 7, 1997, the Fourth Circuit refused Alamin's request on the implied basis that he could not satisfy the section 2255 requirements for the filing of a second or successive 2255 motion. The petitioner's next attempt at collateral relief was the filing of this 2241 petition.

### III. *Discussion.*

The government has moved to dismiss the petition by arguing that it is really a second motion under 28 U.S.C. § 2255 and that it is barred because the United State Court of Appeals for the Fourth Circuit has already denied his attempt to file a second 2255 motion raising the *Bailey* issue, doing so under the gatekeeping provision added to section 2255 in 1996 narrowing the right to file a second or successive 2255 motion.[2] The government also argues that the petition cannot succeed under section 2241 because the petitioner procedurally defaulted his *Bailey* claim by not appealing the denial of his first 2255 motion. Alternatively, the government argues that we should transfer the petition to the Western District of North Carolina for a disposition on the merits.

The petitioner maintains that his 2241 petition is authorized under *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). Additionally, while he is not opposed to a transfer, he argues that before we transfer the case, we should rule, in accord with *Dorsainvil*, that his petition is not barred by section 2255's gatekeeping provision. Further, he contends that he will be able to overcome judicially-created procedural obstacles to a merits consideration of his 2241 petition by showing, in compliance with *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), that he is actually innocent of the section 924(c)(1) charges. As part of this argument, petitioner maintains that the other charges dismissed as part of the plea bargain

---

**2.** Before a second or successive 2255 motion can be filed under the 1996 changes to section 2255, the defendant must move the appropriate court of appeals, here the Fourth Circuit, to allow the motion. The court can authorize the motion only if it involves either of the following grounds under the gatekeeping provision of section 2255:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

need not be considered on the procedural-default issue because, in accord with *Bousley,* they were not "more serious" than the section 924(c)(1) charges.

We reject the government's contention that this 2241 petition should be dismissed or that it is barred under the gatekeeping provision of section 2255 governing the filing of successive 2255 motions. As Alamin argues, *Dorsainvil, supra,* presenting similar procedural circumstances involving a *Bailey* claim, controls here and authorizes the filing of the 2241 petition.

In *Dorsainvil,* the Third Circuit held that a claim that "an intervening change in substantive law" rendering the conduct for which the defendant was convicted no longer unlawful that the defendant "had no earlier opportunity" to present, could be presented in a 2241 petition. 119 F.3d at 251. Dorsainvil had been convicted after a jury trial of a section 924(c)(1) offense. He did not take an appeal but did file a 2255 motion. That motion was denied, coincidentally by the undersigned, in a series of orders ending in April 1994. *Bailey* was decided in December 1995. Nine months later, Dorsainvil filed a second 2255 motion which we ruled we had no jurisdiction to consider until it had been approved by the Third Circuit.

Dorsainvil appealed. The Third Circuit ruled that section 2255's gatekeeping provision prevented the filing of a second 2255 motion because: (1) his *Bailey* claim was not newly discovered evidence; and (2) *Bailey* was not a new rule of constitutional procedure, previously unavailable, that the Supreme Court had made retroactive to cases on collateral review. Instead, it was just an interpretation of a substantive criminal statute, correcting a contrary interpretation by many of the courts of appeal.

However, the Third Circuit held that Dorsainvil could file a 2241 petition under section 2255's safety-valve provision. That provision allows the filing of a habeas (i.e. a 2241) petition when relief under section 2255 "is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255 (brackets added). The court stated that relief would be inadequate or ineffective under section 2255 if a defendant had no previous opportunity to present his claim that his conviction was based on conduct that was not criminal and section 2255's gatekeeping provision prevented him from filing a second 2255 motion. Describing these circumstances as narrow, the court therefore concluded that Dorsainvil could test the legality of his conviction by filing a 2241 petition "in a district court in the district of his confinement." 119 F.3d at 252. The Third Circuit's ruling is in accord with the two other courts of appeal that have considered the issue. *See In re Davenport,* 147 F.3d 605 (7th Cir. 1998); *Triestman v. United States,* 124 F.3d 361 (2d Cir.1997).

The instant case is similar to *Dorsainvil. Bailey* had not been decided when the petitioner filed his first 2255 motion and the district court denied the motion only 12 days after the Supreme Court decided *Bailey.* Under *Dorsainvil,* and as also recognized by the Fourth Circuit, section 2255's gatekeeping provision prevents him from filing a second 2255 motion raising *Bailey.* Thus, as *Dorsainvil* also recognizes, in these narrow circumstances, the petitioner must be allowed to file a 2241 petition.

The government cannot defeat this petition by arguing that the Fourth Circuit already dismissed Alamin's attempt to litigate his *Bailey* claim in a successive motion under section 2255. We are not allowing a 2255 motion to proceed in the face of the Fourth Circuit's contrary ruling. We are allowing a 2241 petition under *Dorsainvil.* The cases the government cites are distinguishable because they did not present the same circumstances as in *Dorsainvil.*

The government's second argument, that the 2241 petition is barred because Alamin did not appeal the denial of his first 2255 motion, is equally unavailing. The government contends that this failure prevents the preservation of the issue he now raises. As a factual matter, the government's argument is wrong. As Alamin points out, he did appeal the denial of his first 2255 motion. As a legal matter, it is irrelevant because at the time Alamin filed his first 2255 motion, like Dorsainvil, he had no opportunity to argue *Bailey.*

■ Both parties are agreeable to a transfer to the Western District of North Carolina, the district where the petitioner was convicted. The parties have a factual dispute about whether the petitioner is really innocent of the crime. This dispute is relevant to two coinciding issues. First, since Alamin did not take a direct appeal raising the *Bailey* issue after his plea of guilty pursuant to a plea bargain, he has procedurally defaulted this claim, and hence must show that he is actually innocent of the section 924(c)(1)crimes before the section 2241 petition can be considered on the merits. *See Bousley, supra,* 523 U.S. at ——, 118 S.Ct. at 1611, 140 L.Ed.2d at 840.[3] Second, he must show he is actually innocent to vacate the convictions themselves. The witnesses, the petitioner himself (now incarcerated in Butner, North Carolina), the lawyers, the record, and other evidence relevant to this issue are either in the district of conviction or closer to it than to the Middle District of Pennsylvania. This petition should therefore be transferred to the Western District of North Carolina. In *Conley v. Crabtree,* 14 F.Supp.2d 1203 (D.Or.1998), the court transferred a section 2241 petition in similar circumstances.

We will issue an appropriate order.

### ORDER

AND NOW, this 9th day of December, 1998, it is ordered that:

1. The respondent's motion to dismiss the petition is denied.

2. The Clerk of Court is directed to transfer this case to the United States District Court for the Western District of North Carolina for proceedings consistent with the accompanying memorandum and close this file.

---

3. In *Bousley,* the Supreme Court stated that on the issue of procedural default, the defendant would have to show that he was factually innocent not only of the crime of conviction but also of "more serious charges" that might have been dismissed as part of the plea bargain. 523 U.S. at ——, 118 S.Ct. at 1611, 140 L.Ed.2d at 841. The petitioner argues here that the charges that were dismissed against him as part of his plea bargain were not more serious charges and hence he need not show his innocence of them. We leave this issue to the transferee court.